■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN ALLEN, Appellant, v. HAROLD W. FOLLETTE, as Warden of Green Haven Prison, Respondent.— In a habeas corpus proceeding, relator appeals from a judgment of the Supreme Court, Dutchess County, dated January 24, 1969, which dismissed the writ. Judgment affirmed, without costs (*People ex rel. Baker* v. *Follette*, 33 A D 2d 1052; cf. *People ex rel. Smith* v. *Deegan*, 32 A D 2d 940). Rabin, Acting P. J., Munder and Martuscello, JJ., concur; Hopkins, J., dissents and votes to reverse the judgment and to remit the matter to the Board of Parole for the purpose of a hearing, at which relator shall be entitled to counsel, and which otherwise shall be held pursuant to the provisions of section 218 of the Correction Law, with the following memorandum, in which Benjamin, J., concurs: Our court has determined that a parolee is not entitled to counsel when his parole is revoked by the Board of Parole (*People ex rel. Smith* v. *Deegan*, 32 A D 2d 940). I concurred in the holding in that particular case since it appeared that the ground of the revocation had been the commission of another crime during parole and I could not find that the demands of due process required the representation of the parolee by counsel when the benefit to him was so little and the burden on the State so immense under these circumstances (pp. 942–944). Here the relator's parole was admittedly revoked under far different circumstances. The Attorney-General informs us that the Division of Parole first began a reconsideration of relator's status " after certain facts came to light that constituted so-called technical violations rather than either an arrest for an alleged new crime or a failure to report to his parole officer." In the investigation that followed it is said that it was discovered "(1) that he had moved from his claimed residence without the permission of the Division, (2) that he was living with a woman not his wife and (3) that he had assaulted her and broken her jaw"; and that, though the woman had called the police, later she declined to prosecute him. With commendable frankness the Attorney-General adds that he does not know what factors weighed most strongly in the decision to revoke parole, for " technical violations alone do not necessarily require revocation and are often passed over by the Division without a revocation."

Nor are we informed either that the Board of Parole made findings that relator was guilty of each of the acts, or that relator was given an opportunity at the hearing to explain each of them (cf. Correction Law, § 218). Hence, this case falls into that class of alleged violations of parole where its revocation is dependent not on facts beyond dispute, but rather on hearsay evidence. The hearsay character of the evidence does not mean that the Board of Parole may not make its determination to revoke the parole on a finding that the evidence established a violation (cf. Correction Law, §§ 215, 216, 218); nevertheless, the shifting nuances and the notable unreliability of hearsay do indicate that counsel could render effective aid to the parolee in meeting charges which are founded on that kind of evidence. As noted in my concurrence in *People ex rel. Smith* v. *Deegan* (32 A D 2d 940, *supra*), whether the right to counsel — ordinarily an indispensable ingredient of due process — must be granted to a parolee is a product of the balancing of the several interests of the individual and the State (*Hannah* v. *Larche*, 363 U. S. 420, 442; *Dobkin* v. *Chapman*, 21 N Y 2d 490, 502). An analysis of those interests suggests that due process should include the right to counsel in this case. First, the potential benefit of the right could conceivably result in an effective attack on the hearsay foundation of the charge against the parolee.* Second, the burden on the State to afford the right is much less in this class of case, for revocation of parole on the ground of misbehavior amounting to less than a crime occurs less frequently in comparison to revocation of parole for conviction of a crime during parole. Hence, for the reasons stated in *People ex rel. Smith* v. *Deegan, (supra)*, I believe that due process clothes the hearing and that in this kind of a case it includes the right to counsel. Therefore, the matter should be remitted for a hearing to the Board of Parole at which hearing relator shall be entitled to counsel, and which otherwise shall be held pursuant to the provisions of section 218 of the Correction Law.

---

* It is not without significance that in *People ex rel. Combs* v. *La Vallee* (29 A D 2d 128, app. dsmd. 22 N Y 2d 857), after a hearing with counsel was directed by the Appellate Division, Fourth Department, parole was reinstated. There the violation alleged arose from misbehavior other than a conviction of a subsequent crime. (See, also, Kadish, The Advocate and the Expert — Counsel in the Peno-Correctional Process, 45 Minn. L. Rev. 803, 828–832.)